Signed as modified by the Court.

**This order is SIGNED.**





**Dated: August 14, 2018**

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted by:*

James W. Anderson (9829)
**CLYDE SNOW & SESSIONS**
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
E-mail: jwa@clydesnow.com

Attorneys for Debtors

---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**JAMES T WEBBER AND GIDGET S WEBBER,**<br>**Debtors.** | **Bankruptcy Case No. 17-20113**<br>**Chapter 11**<br><br>**Judge R. Kimball Mosier** |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTORS' PLAN OF REORGANIZATION DATED JUNE 19, 2018

---

Confirmation of the Debtors' Plan of Reorganization Dated June 19, 2018 [docket # 93] (the

"Plan"), came on for hearing before the Honorable R. Kimball Mosier on August 8, 2018 at 1:00

p.m.  Proper notice of the confirmation hearing has been made.   The Bankruptcy  Court,[1] having

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Plan.

considered the matters before it, including the Plan, the Plan ballots, the proffer of James T. Webber made at the hearing, there being no objections to the Plan, all Creditors having voted to accept the Plan, or being deemed to accept the Plan, and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law, in addition to any findings of fact or conclusions of law made on the record at the hearing:

## **FINDINGS OF FACT**

1.     On June 20, 2018, the Debtors filed their Plan of Reorganization dated June 19, 2018, at docket number 93 (the "Plan").

2.     There were no modifications to the Plan.

3.     The Plan supercedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan

4.     A Disclosure Statement was approved by the Court under section 1125 and sent to all Creditors.

5.     Ballots soliciting acceptances or rejections of the Plan have been provided to each holder of Claims or Interests entitled to vote, and such Ballots have been tabulated by Debtors' counsel.

6.     The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

7.     There were no objections to the Plan.

{01384502-1 }

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court hereby makes the following Conclusions of Law:

1.      Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

2.      The Plan complies with the applicable provisions of the Bankruptcy Code.

3.      The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims or Interests which are substantially similar. Each secured claim is separately classified according to its various rights, and similarly situated unsecured claims are classified in their respective classes.

4.      The Plan complies with section 1122 in that there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

5.      The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter.

6.      The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

7.      The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation, including, without limitation, retaining all property

{01384502-1 }

3

of the estate by the Debtors, and providing reasonable time to pay all Allowed Claims through refinancing and/or sale of the estate's assets.

8.      The Plan complies with section 1123(a)(8) of the Bankruptcy Code in that it will pay Allowed Claims from the earnings from personal services of the Debtors after the commencement of the case.

9.      The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, provides for the assumption or rejection of all executory contracts or unexpired leases of the Debtors, and includes other appropriate provisions not inconsistent with the Bankruptcy Code. Any creditors whose claims are modified under the Plan have consented to such treatment by not objecting to or voting against the Plan.

10.      The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claim or Interests have been entitled to vote to accept or reject the Plan.

11.      The Plan complies with section 1126(c) of the Bankruptcy Code in that all Creditors in all Classes have voted to accept the Plan, or are deemed to accept as no votes in a Class were cast.

12.      The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

13.      The Plan complies with section 1129(a)(1) and (2) of the Bankruptcy Code in that the Plan and the Debtors complied with the applicable provisions of title 11 of the United States Code.

14.      The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the

Debtors have proposed the Plan in good faith and not by any means forbidden by law.

15.     The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

16.     The Plan complies with section 1129(a)(5) of the Bankruptcy Code as there are no other directors, officers or voting trustees to be appointed for the Debtor.

17.     Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought.

18.     The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, or were unimpaired.

19.     The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

20.     The Plan complies with section 1129(a)(9)(B) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(1) and (4) through (7), each such holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

{01384502-1 }

5

21.     The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims within the time period agreed upon by such Claim holder;

22.     The Plan complies with section 1129(a)(10) in that the Plan had eight Classes of Claims which were Impaired, and all such Classes of Claims voted, or are deemed to vote, to accept the Plan.

23.     The Plan complies with section 1129(a)(11) because the Plan contemplates and provides for payment of Allowed Claims through the Debtors' earnings from personal services.

24.     The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date, and in fact the Debtor has made all such required payments throughout the administration of this case.

25.     Section 1129(a)(13) of the Bankruptcy Code does not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

26.     Section 1129(a)(14) of the Bankruptcy Code does not apply because the Debtors are not under any domestic support order.

27.     Section 1129(a)(15) of the Bankruptcy Code does not apply because no such objections were filed, or they have been withdrawn.

28.     Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers.

29.     To the extent required, the Plan complies with the applicable provisions of Section 1129(b) in that the Plan is fair and equitable to all Classes, and secured creditors will receive

{01384502-1 }

deferred cash payments as set forth in the Plan.

30.     Upon entry of the confirmation order, the Debtors shall be authorized and directed to

implement the terms of the Plan, and perform such other acts as required by the Plan.

[End of Order]

---

Approved as to form:

United States Trustee

*/s/ Laurie A. Cayton* (signature used with express written permission)
Laurie A. Cayton
*Counsel for the United States Trustee*


Utah State Tax Commission

*/s/ Stephen W. Lewis* (signature used with express written permission)
Stephen W. Lewis
*Counsel for the Utah State Tax Commission*

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTORS' PLAN OF REORGANIZATION DATED JUNE 19, 2018** shall be served on the parties in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **James W. Anderson**    jwa@clydesnow.com, jritchie@clydesnow.com
- **Laurie A. Cayton tr**    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **L. Mark Ferre**    mferre@mstar.net, mferre1974@gmail.com
- **Stephen W. Lewis**    swlewis@agutah.gov
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Gale K. x3Francis**    txbk13@utah.gov

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

-None.

*/s/ James W. Anderson*
James W. Anderson